MEMORANDUM **
The ALJ discounted Dr. Bhatti’s October 20, 2005 “mental residual functional capacity form” on the ground that it was inconsistent with specific portions of Dr. Bhatti’s progress notes. The ALJ cited four aspects of the progress notes: Loo-za’s condition was stable with current medications, his mood was described using the phrase “almost no depression,” his medications were helping to reduce his symptoms, and he was doing reasonably well. Despite the dissent’s contention, the ALJ’s interpretation shows he read the treatment notes “in full and in context.” Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir.2001). The ALJ’s explanations constitute specific and legitimate reasons supported by substantial evidence in the record for discounting the “mental residual functional capacity form” prepared by Dr. Bhatti.[1] Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir.2001). Although the ALJ referenced but did not specifically reject Dr. Bhatti’s September 15th letter, the letter was cumulative of the progress notes and the October 20th form.
The ALJ gave specific, clear and convincing reasons for his determination that Looza was not credible. Among other reasons, the ALJ observed that Looza was in no “acute distress at the hearing,” and that Looza was able to engage in a range of daily activities. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir.2001) (noting the ALJ may rely on his observations as part of an overall credibility determination); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (“[I]f the claimant engages in numerous daily activities involving skills that could be transferred to the workplace, an adjudicator may discredit the claimant’s allegations upon making specific findings relating to the claimant’s daily activities.”). The dissent fails to address these reasons for the ALJ’s determination that Looza was not credible. “Where evidence is susceptible to more than one rational interpretation, it is the ALJ’s conclusion that must be upheld.” Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.2005). The ALJ’s determination that there was no apparent physical basis for claimant’s alleged dizziness is also supported by the record, including the Medical Expert’s testimony. Contrary to Loo-za’s argument, Dr. Raisinghani did not diagnose the cause of Looza’s dizziness, but opined only that it was orthostatic in nature, that is, the dizziness occurred when Looza stood up.
Based on a review of the evidence and given the ALJ’s rulings on Dr. Bhat-ti’s “mental residual functional capacity form” and Looza’s credibility, the ALJ’s determination that Looza retains the ca *986 pacity for work existing in significant numbers in the national economy was supported by substantial evidence.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent identifies weaknesses in the ALJ’s reasoning, including that Looza's improvements do not speak to Looza's ability to work. Dissent at 986 (citing Holohan, 246 F.3d 1195, 1205 ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person’s impairments no longer seriously affect her ability to function in a workplace.”)). But the dissent ignores the actual reason the ALJ rejected Dr. Bhatti's “mental residual functional capacity form,” namely, its inconsistency with portions of Dr. Bhatti's progress notes.